**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW A. DuBOIS, | No. 13-16031 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-00415-MMD-VPC |
| v. | |
| WASHOE COUNTY SHERIFF'S OFFICE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda Du, District Judge, Presiding

Submitted October 14, 2014[**]

Before:    LEAVY, GOULD, and BERZON, Circuit Judges.

California state prisoner Matthew A. DuBois appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs while detained in a Nevada jail.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly dismissed DuBois's claim against defendant Dr. Hahn because DuBois failed to allege facts sufficient to show that Dr. Hahn acted with deliberate indifference in treating his foot injury. *See Toguchi v. Chung*, 391 F.3d 1051, 1057, 1060 (9th Cir. 2004) (deliberate indifference is a high legal standard, and is met only if the prison official knows of and disregards an excessive risk to the prisoner's health; medical malpractice or negligence is insufficient to establish an Eighth Amendment violation); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (elements for supervisory liability under § 1983); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010) (the Eighth Amendment standard applies to pretrial detainees alleging cruel and unusual punishment in violation of the Fourteenth Amendment).

The district court properly dismissed DuBois's claim against defendants Washoe County Sheriff's Office and Prison Health Services because DuBois failed to allege facts sufficient to show that he was harmed by a policy or custom. *See Jackson v. Barnes*, 749 F.3d 755, 762-64 (9th Cir. 2014) (requirements for alleging

municipal liability under § 1983); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012) (requirements for municipal liability apply to private entities sued under § 1983).

To the extent that DuBois challenges the district court's order staying discovery, the court did not abuse its discretion because DuBois failed to describe the discovery he sought. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth the standard of review and describing trial court's broad discretion to deny discovery).

**AFFIRMED.**